# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-0373V
UNPUBLISHED

|  |  |
|---|---|
| KIMBERLY ROBICHAUX,<br><br>　　　　　　　　Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: May 8, 2023<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Tetanus Diphtheria acellular<br>Pertussis (Tdap) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Joseph Adam Lewis, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On January 8, 2021, Kimberly Robichaux filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") resulting from adverse effects of a Tetanus Diphtheria acellular Pertussis ("Tdap") vaccine received on April 10, 2019. Petition at 1. Petitioner further alleges the vaccine was administered in the United States, her injury lasted longer than six months, and neither Petitioner nor any other party has ever received compensation in the form of an award or settlement for her vaccine-related injury. Petition at ¶¶ 4-5; Exs.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

1; 12 at 472. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On March 20, 2023, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On May 8, 2023, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $134,867.76. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $134,867.76 (consisting of $130,000.00 for past pain and suffering and $4,867.76 for out of pocket expenses) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

|  |  |  |
|---|---|---|
| KIMBERLY ROBICHAUX, | ) | |
| | ) | |
| Petitioner, | ) | No. 21-373V   ECF |
| | ) | |
| v. | ) | Chief Special Master Corcoran |
| | ) | |
| SECRETARY OF HEALTH | ) | |
| AND HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**PROFFER ON AWARD OF COMPENSATION[1]**

I.      **Procedural History**

On January 8, 2021, Kimberly Robichaux ("petitioner") filed a petition for compensation

("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -

34 ("Vaccine Act" or "Act"), alleging that she suffered a right shoulder injury related to vaccine

administration ("SIRVA") as a result of a tetanus, diphtheria, and pertussis ("Tdap") vaccine she

received on April 10, 2019.  Petition ("Pet") at 1.  On September 22, 2022, petitioner filed a

motion for ruling on the record.  ECF No. 22.  On March 20, 2023, respondent filed a

memorandum that served as both his responsive report in accordance with Vaccine Rule 4(c) and

his response to petitioner's motion for ruling on the record, concluding that petitioner suffered

from SIRVA as defined by the Vaccine Injury Table, within the Table timeframe.  ECF No. 25.

The same day, Chief Special Master Corcoran issued a ruling on entitlement, finding that

petitioner was entitled to compensation for a SIRVA Table injury.  ECF No. 26.

---

[1]  This Proffer does not include attorneys' fees and costs, which the parties intend to
address after the Damages Decision is issued.

**II.     Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded

a lump sum of **$134,867.76**, consisting of $130,000.00 for past pain and suffering and $4,867.76

for out-of-pocket expenses.  This amount represents all elements of compensation to which

petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

**III.    Form of the Award**

Respondent recommends that the compensation provided to petitioner should be made

through a lump sum payment, as described below, and requests that the Chief Special Master's

decision and the Court's judgment award the following:  A lump sum payment of **$134,867.76** in

the form of a check payable to petitioner.[2]  Petitioner agrees.

> Respectfully submitted,
>
> BRIAN M. BOYNTON
> Principal Deputy Assistant Attorney General
>
> C. SALVATORE D'ALESSIO
> Director
> Torts Branch, Civil Division
>
> HEATHER L. PEARLMAN
> Deputy Director
> Torts Branch, Civil Division
>
> ALEXIS B. BABCOCK
> Assistant Director
> Torts Branch, Civil Division

---

[2] Should petitioner die prior to entry of judgment, respondent would oppose any award
for future medical expenses, future lost earnings, and future pain and suffering, and the parties
reserve the right to move the Court for appropriate relief.

s/ *Joseph A. Lewis*
JOSEPH A. LEWIS
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146,
Benjamin Franklin Station
Washington, D.C. 20044-0146
T: (202) 451-7495
E: joseph.a.lewis@usdoj.gov

DATED:  May 8, 2023

3