# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 21-0373V

|  |  |
|---|---|
| KIMBERLY ROBICHAUX,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: March 25, 2024 |

*Leah VaSahnja Durant*, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.

*Joseph Adam Lewis*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On January 8, 2021, Kimberly Robichaux filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration resulting from adverse effects of a Tetanus-Diphtheria-acellular Pertussis vaccine received on April 10, 2019. Petition, ECF No. 1. On May 8, 2023, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 31.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting $36,393.58 (representing $32,811.00 in fees, plus $3,582.58 in costs incurred by Petitioner's counsel of record, Leah V. Durant); and $16,030.38 (representing $13,500.00 in fees plus $2,530.38 in costs incurred by Petitioner's former counsel, Christopher St. Martin). Petitioner's Application for Fees and Costs ("Motion") filed Nov. 22, 2023, ECF No. 37. In accordance with General Order No. 9, Petitioner filed a signed statement representing that Petitioner incurred $8.95 in out-of-pocket expenses. *Id*. at 2.

Respondent reacted to the motion on Nov. 24, 2023, reporting that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 38. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of fees to be awarded appropriate, for the reason stated below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1.

2

Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests hourly rates for attorneys and paralegals performing work in this matter as follows:

|  | **2019** | **2020** | **2021** | **2022** | **2023** |
|---|---|---|---|---|---|
| Leah V. Durant, Esq. | X | $395 | $420 | $441 | $463 |
| Mike Milmoe, Esq. | X | $484 | $509 | $525 | X |
| Richard Armada, Esq. | X | X | $400 | $420 | X |
| Glenn MacLeod, Esq. | X | X | X | X | $553 |
| Christopher J. St. Martin, Esq. | $500 | $500 | $500 | $500 | X |
| Paralegals | X | $160 | $165 | $173 | $181 |

The rates requested in this matter are reasonable and consistent with prior determinations and will therefore be awarded herein, but the hourly rates requested for Attorney Christopher J. St. Martin require adjustment.

Petitioner represents that Christopher St. Martin has been a practicing attorney for approximately 25 years. *See* ECF No. 39. However, Mr. St. Martin is not licensed to practice in the Court of Federal Claims. An attorney who is not admitted to practice before this Court is not eligible to collect fees at an admitted attorney's rate for his work. *See Underwood v. Sec'y of Health & Human Servs.,* No. 00-357V, 2013 WL 3157525, (Fed. Cl. Spec. Mstr. May 31, 2013). Accordingly, all time billed by Attorney St. Martin must be compensated at non-attorney rates. **I shall instead award Mr. St. Martin the lesser rate of $156 per hour for all time billed in the 2019-22 timeframe.** This results in a reduction of the amount of fees to be awarded of **$9,288.00**.[3]

Otherwise, Petitioner has provided supporting documentation for all claimed costs, and Respondent offered no specific objection to the rates or amounts sought. I find the requested costs to be reasonable and shall award them in full.

---

[3] This amount consists of ($500 - $156 = $344 x 27 hrs.) = $9,288.00

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total amount of **$43,144.91** as follows:

- **A lump sum of $36,402.53 (representing $32,811.00 in fees, plus $3,582.58 in costs, plus $8.95 in out-of-pocket expenses) in the form of a check jointly payable to Petitioner and Petitioner's counsel of record, Leah V. Durant, and**

- **A lump sum of $6,742.38 (representing $4,212.00 in fees plus $2,530.38 in costs) in the form of a check jointly payable to Petitioner and Petitioner's former counsel: Christopher St. Martin.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.